# IN THE SUPREME COURT OF THE STATE OF NEVADA

JASMINE BROOKS,
Appellant,
vs.
MARY KATHRYN MEJIA; AND JANET
OHLINGER MEJIA,
Respondents.

No. 67794

**FILED**

JAN 1 4 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY ___S. Young___
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order granting a claim of exemption from judgment execution. Eighth Judicial District Court, Clark County; Kathleen E. Delaney, Judge.

Appellant argues that the district court erred by granting respondent Janet Ohlinger Mejia's claim for third-party exemption because Janet failed to present admissible evidence rebutting the presumption that funds in the joint bank account were her sole property, not belonging to the judgment debtor Mary Kathryn Mejia, and thus not subject to garnishment.

Having considered the parties' arguments and the record, we perceive no abuse of discretion in the district court's consideration and evaluation of evidence presented to trace the funds in the bank accounts. *M.C. Multi-Family Dev., L.L.C. v. Crestdale Assocs.,* LTD., 124 Nev. 901, 913, 193 P.3d 536, 544 (2008) (providing that decisions to admit or exclude evidence will not be disturbed absent a showing of palpable abuse of discretion). That evidence supports the district court's conclusion that Janet demonstrated that the funds in the bank account belonged to her alone as the sole beneficiary of her husband's life insurance policies and retirement plans. *Brooksby v. Nev. State Bank,* 129 Nev., Adv. Op. 82, 312

16-01254

P.3d 501, 502 (2013) (recognizing that "[o]nly property owned by the judgment debtor is subject to garnishment, and questions regarding title to that property as between the judgment creditor and a third party are properly determined by the court having jurisdiction under NRS 31.070"); *see* NRS 21.090(1)(k) (allowing life insurance exemption); NRS 21.112(10) (providing that a non-debtor may make a claim of exemption to have property released). In so concluding, the court found and the record supports that the premiums for the policies and payments to the plan were paid by sources other than Mary, and that the funds in the bank accounts were traceable to the life insurance and retirement plan checks made payable to and deposited by Janet alone. *Brooksby*, 129 Nev., Adv. Op. 82, 312 P.3d at 503 (noting that a non-debtor who holds a joint bank account with a debtor may rebut the presumption that the funds in the joint bank account are subject to a judgment creditor's writ of garnishment, and recognizing that the judgment creditor is not entitled to joint bank account funds that truly belong to the non-debtor account holder); *In re Christensen*, 122 Nev. 1309, 1323, 149 P.3d 40, 49 (2006) (explaining that exempt funds commingled with nonexempt funds retain the exempt status "so long as tracing is possible"). Therefore, we

ORDER the judgment of the district court AFFIRMED.[1]

_____, J.
Hardesty

_____, J.          _____, J.
Saitta                               Pickering

---

[1]Respondents' request for NRAP 38 sanctions is denied.

cc:   Hon. Kathleen E. Delaney, District Judge
Lansford W. Levitt, Settlement Judge
Mazur & Brooks, A PLC
Law Offices of Karl Andersen
Eighth District Court Clerk